# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re: MICHAEL WEILERT and GENEVIEVE M. DE MONTREMARE,** <br><br> **Debtors.** <br><br> **In re: M&G WEILERT FAMILY, L.P.** <br><br> **MICHAEL WEILERT and GENEVIEVE M. DE MONTREMARE,** <br><br> **Appellants,** <br> **v.** <br><br> **JAMES E. SALVEN, CHAPTER 7 TRUSTEE,** <br><br> **Appellee.** | **1:17-cv-00984-LJO** <br><br> **MEMORANDUM DECISION AND ORDER RE: APPELLEE'S MOTION TO DISMISS BANKRUPTCY APPEAL** |

## I. INTRODUCTION

This matter concerns Michael Weilert's and Genevieve M. De Montremare's (collectively "Appellants") appeal pursuant to 28 U.S.C. §158(a) from the July 6, 2017, order of the United States Bankruptcy Court for the Eastern District of California. James Salven, Chapter 7 Trustee ("Appellee"), filed the instant motion to dismiss. For the following reasons, Appellee's motion to dismiss is GRANTED.

## II. BACKGROUND

This case originated in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court"), where it was assigned the case number 13-16155-B-7. ECF No. 1 at 1. On July 6, 2017, Bankruptcy Judge René Lastreto II issued an order finding Appellants in contempt of court for failing to comply with an April 4, 2015, order. *Id*. at 6. Appellants were ordered to turn over

1

$9,642.05 to Appellee within 14 calendar days. *Id*. Appellant Michael Weilert signed and filed a notice of appeal of the July 6 contempt order on July 21, 2017. *Id*. at 7-8. The appeal was transmitted to this Court on July 24, 2017. *Id*. at 1. On September 29, 2017, the Bankruptcy Court certified that no designated record, statement of issues, reporter's transcript, or notice regarding the transcript had been filed. ECF No. 4.

On March 23, 2018, Appellee filed the instant motion to dismiss, arguing that Appellants' notice of appeal was untimely filed and the Court lacks jurisdiction to hear the appeal, and also that the appeal should be dismissed because Appellants have not designated the record on appeal or entered an appearance in this matter. ECF No. 5. Appellee also filed an associated request for the Court to take judicial notice of pleadings and filings in the Bankruptcy Court. ECF No. 6. Plaintiff did not file an opposition to the motion to dismiss or the request for judicial notice. On April 17, 2018, in accordance with Local Rule 230(g), the Court took this matter under submission on the papers. ECF No. 7.

### III. ANALYSIS

**A.    Jurisdiction to Hear Appeal**

The final order or judgment of a bankruptcy court may be appealed to a federal district court pursuant to 28 U.S.C. § 158. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8002 requires notice of the appeal to be filed within 14 days after the order is entered. The Supreme Court has repeatedly held that "the taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quotation marks omitted). The Supreme Court has also held that time limits which are based solely on the Bankruptcy Rules and not on a statutory pronouncement are non-jurisdictional. *See Kontrick v. Ryan*, 540 U.S. 443, 453-54 (2004). In the specific context of an appeal from the order of a bankruptcy court, however, while the fourteen day period is specified in the Bankruptcy Rules and not in the statute granting the district courts jurisdiction to hear bankruptcy appeals, the statute explicitly incorporates the timing requirements of the Bankruptcy Rules. 28 U.S.C. § 158(c)(2) ("An appeal under subsections (a) and (b) of this section shall be taken . . .

in the time provided by Rule 8002 of the Bankruptcy Rules."). A number of Circuit Courts have concluded that the 14 day deadline for an appeal under § 158 is therefore jurisdictional, *In re Sobczak-Slomszewski*, 826 F.3d 429, 432 (7th Cir. 2016) (holding that the specific incorporation of Rule 8002 in § 158 constitutes a jurisdictional timeliness requirement); *In re Berman-Smith*, 737 F.3d 997, 1002 (5th Cir. 2013) (same); *in re Caterbone*, 640 F.3d 108, 111-12 (3d Cir. 2011); *In re Latture*, 605 F.3d 830, 836 (10th Cir. 2010) (same), and the Ninth Circuit has applied the same standard without comment, *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016). Accordingly, the 14 day period must be treated as a mandatory and jurisdictional timeliness requirement, and untimely notice of appeal deprives a district court of jurisdiction to hear that appeal and review the bankruptcy court's order.[1] *Ramsey v. Ramsey (In re Ramsey)*, 612 F.2d 1220, 1222 (9th Cir. 1980).

Bankruptcy Rule 8002(a)(1) requires that the notice of appeal be filed with the Bankruptcy Court "within 14 days after entry of the judgment, order, or decree being appealed." Bankruptcy Rule 9006 sets forth the method for calculating time under those rules. For a time period measured in days, the day of the event triggering the time period, in this case the date on which the order was entered, is excluded. Fed. R. Bankr. P. 9006(a)(1)(A). Every subsequent day is counted, and the last day is included in the time period, unless the last day falls on a Saturday or Sunday, or on a legal holiday, in which case the period continues until the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Bankr. P. 9006(a)(1)(B)-(C). The last day for filing ends at midnight in the court's time zone when filing electronically, or when the clerk's office is scheduled to close when filing by other means. Fed. R. Bankr. P. 9006(a)(4).

Here, the date on which the order was entered, July 6, 2017, was excluded from the filing period. The filing period proceeded to run for the next 14 days and ended at midnight on July 20, 2017. July 20, 2017, did not fall on a Saturday, Sunday, or other legal holiday. Appellants filed their notice of appeal

---

[1] Rule 8002 grants discretion for the bankruptcy court to extend the time to appeal in some circumstances, but only when a motion to extend is filed either before the time to file the notice of appeal has run, or up to 21 days after the time has run if excusable neglect is shown. Fed. R. Bankr. P. 8002(d)(1). Appellants did not file any motion to extend time here.

3

on July 21, 2017, the day after the period for filing ended.

Appellants' notice of appeal was filed on the day after the period for appeal closed, and was therefore untimely. While this may have been the result of an error in calculating time under the Bankruptcy Rules, the Court has no power to excuse a deviation from a time limit that has been made mandatory and jurisdictional by Congress. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (courts lack authority to create equitable exceptions to jurisdictional requirements). The Court simply lacks jurisdiction to hear this appeal. Because the lack of jurisdiction is apparent from the face of the notice of appeal, the Court need not consider Appellee's remaining arguments or request for judicial notice in deciding this matter.

## IV. **CONCLUSION AND ORDER**

For the foregoing reasons, Appellee's motion is GRANTED, and this appeal is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 2, 2018**        /s/ Lawrence J. O'Neill
                              UNITED STATES CHIEF DISTRICT JUDGE